**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50235 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-03122-DMS-1 |
| v. | |
| URIEL SOLIS-SANCHEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted July 11, 2013[**]
Pasadena, California

Before: GRABER, RAWLINSON, and WATFORD, Circuit Judges.

Defendant Uriel Solis-Sanchez appeals the district court's decision not to

use its supervisory powers to dismiss his indictment for a violation of 8 U.S.C.

§ 1326, which prohibits the reentry of aliens who have been removed. Reviewing

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

for abuse of discretion, we affirm.[1]  See United States v. Stinson, 647 F.3d 1196, 1209 (9th Cir. 2011) ("A district court's decision not to use its supervisory powers to dismiss an indictment is reviewed only for abuse of discretion."), certs. denied, 132 S. Ct. 1768 and 132 S. Ct. 1773 (2012).

"A district court may exercise its supervisory power to implement a remedy for the violation of a recognized statutory or constitutional right; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; and to deter future illegal conduct." United States v. Chapman, 524 F.3d 1073, 1085 (9th Cir. 2008) (internal quotation marks omitted). But, "because dismissing an indictment with prejudice encroaches on the prosecutor's charging authority, this sanction may be permitted only in cases of flagrant prosecutorial misconduct." Id. (internal quotation marks and brackets omitted).  Moreover, "[a] court may dismiss an indictment under its supervisory powers only when the defendant suffers substantial prejudice." Id. at 1087 (internal quotation marks omitted).

---

[1] We decline the government's invitation to review only for plain error, because Defendant sufficiently raised his supervisory-powers argument before the district court.  We also decline Defendant's invitation to review de novo, because the cases he cites in support of that standard are not on point.  At any rate, the district court's decision was proper under any of the standards suggested to us.

Under those standards, the district court did not abuse its discretion in declining to dismiss the indictment. Even assuming that violations of the Due Process Clause and Rule 5 occurred, the government's actions did not rise to the level of "flagrant prosecutorial misconduct."[2] Any violation resulted from a practice meant to handle the large number of defendants arrested in the district each day, serious security and administrative concerns, and the need to screen for health issues, rather than from any improper purpose such as a desire to inflict punishment or to obtain evidence improperly. Moreover, Defendant has not suffered substantial prejudice, because he is in no worse a legal position in regard to his prosecution than he would have been in the absence of any violation.

We reject the argument that Bell v. Wolfish, 441 U.S. 520 (1979), provides the appropriate standard for deciding this case. Although Bell gives the standard for deciding when a pretrial detainee's due process rights have been violated, it says nothing about when dismissal of an indictment is the appropriate remedy for such a violation. We also reject the argument that the pervasiveness of delays and the unconstitutional conditions of confinement justify a strong remedy to deter

_____

[2] We decline the government's invitation to ignore the arguably unauthorized reply brief that Defendant filed in the district court because, even if his allegations of deplorable treatment were properly before the court, the district court did not err.

3

future misconduct because the government, under court order, already has corrected the problems of which Defendant complains.  Thus, dismissing Defendant's indictment is unnecessary to deter future conduct.

**AFFIRMED.**